UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
DENNIS WYSOCKI and LISA WYSOCKI,

                          Plaintiffs,                      23 Civ. 8790 (SJB)(AYS)

    -against-

NASSAU COUNTY, New York, PATRICK         **DECLARATION OF**
RYDER, Individually and Officially, MARC      **LISA WYSOCKI**
TIMPANO, Individually, Officer VITO
SCAGLIONE, Individually,
                              Defendants.
-------------------------------------------------------------x

LISA WYSOCKI, declares pursuant to 28 U.S.C. §1746 that:

1.      I am a plaintiff in the above-captioned matter, over the age of 18, and a resident of Nassau County, New York. I make this Declaration based on my own personal knowledge, and where indicated upon information and belief, I believe the same to be true. If called as a witness, I could and would testify consistently with the following sworn statement.

2.      I submit this Declaration and annexed exhibits in support of the plaintiffs' motion for summary judgment.

3.      I have never been arrested, charged, or convicted of any criminal offense or violation of the New York State Penal Law, and I have no disqualifiers to the possession of firearms under state or federal law.

4.      At all times relevant hereto, I have been a resident of Nassau County, New York.

5.      In and around 2020, I applied for a New York State pistol license to the Nassau County Police Commissioner as statutory pistol licensing officer, through the Nassau County Police Department (NCPD) Pistol License Section (PLS).

1

6.      In February 2021, I was issued a New York State pistol license (the "license"), which authorized me to purchase and possess handguns in my home for self-defense. While the license authorized me to carry handguns registered to the license, it was not a 'full carry' license and only allowed me to carry handguns concealed for purposes of target shooting and hunting.

7.      In Fall 2022, I applied to the PLS to have the carry restrictions on my pistol license removed. The PLS performed a thorough criminal and mental health background check through state and federal databases, and required me to submit the results of a urinalysis test for the presence of any drugs, which yielded negative results. I was also required to execute a written acknowledgment of my legal responsibility to safely store my firearms (handguns, rifles, and shotguns) from being accessed by a "child under the age of eighteen" who "resides in the home" and any other cohabitant who is "a person prohibited from possessing a firearm under state or federal law." I also provided the PLS with proof of having completed the 18-hour training course required by Penal Law § 400.00(1)(o), (19).

8.      In October 2022, the restrictions on my license were removed and I was issued an unrestricted concealed carry license by the PLS.

9.      Until the events complained of in this litigation, my pistol license has never been suspended, revoked, or otherwise subject to any negative action.

*February 2023 Suspension of New York State Pistol License*

10.     I reside with my husband, Dennis Wysocki, and our minor daughter. At the time of the events described herein, our daughter was a middle school student.

11.     On Saturday, February 11, 2023, members of Child Protective Services (CPS) came to our home, accompanied by officers of the NCPD, because of a conversation that our daughter

2

had with a school counselor on February 8, 2023. The substance of the conversation was that she was feeling depressed and had mentioned past thoughts of harming herself using a rope. During the conversation, the school counselor asked our daughter if there were any firearms in the home, to which she correctly answered, "yes." Our daughter's statements to the school counselor contained no reference to the use, threatened use, or attempted use of firearms. The next day, Friday, February 10, 2023, I brought our daughter to be evaluated at Cohen Children's Medical Center. Dr. Joshua Stein, a staff psychiatrist, performed a psychiatric evaluation of our daughter and concluded that she did not pose a danger to herself or others; our daughter returned home the same day.

12. The responding NCPD officers examined our gun safes and confirmed that our firearms were safely stored and rendered safe with trigger locks. The responding officers did not confiscate any of our firearms.

13. At no time did our daughter have access to our firearms or the contents of the gun safes in which we store them.

14. My husband called the NCPD PLS Monday morning to inform them that the police had come to our home and spoke with Officer Vito Scaglione. Officer Scaglione directed us to come to the PLS because our pistol licenses were going to be suspended and we were required to surrender all of our handguns and long guns.

15. That same day, Monday, February 13, 2023, Dennis and I went to PLS as we were directed. Officer Scaglione handed us "Notification of Pistol License Suspension" letters indicating that our licenses were suspended for violating the PLS Handbook and that, because of the license suspension, we were required to surrender all of our handguns, rifles, and shotguns. A true and accurate copy of my Notice of Suspension is attached hereto as Exhibit 1.

16. Before going to the PLS, we surrendered all of our handguns, rifles, and shotguns to a federal firearms licensee (FFL) (gun store) and provided Officer Scaglione with written proof of their surrender.

17. We have not been able to possess our handguns, rifles, or shotguns for home defense, target shooting or hunting since that date.

18. To date, our pistol licenses remain suspended by PLS and our forced disarmament by the defendants continues.

19. On or about February 14, 2023, as required by Officer Scaglione, I provided him with a written statement detailing the chronology of events leading to the suspension of our pistol licenses and loss of firearms. A true and accurate copy of my handwritten statement is attached as Exhibit 2.

20. Though required by the defendants before the suspension of our licenses will be lifted and our right to possess handguns and long guns reinstated, we are unable to obtain a doctor's letter that states it is 'safe' for our daughter to reside in a home where firearms are kept. We will not make any additional efforts to obtain such a letter. Dennis and I are already required by law to store our firearms safely to prevent them from being accessed by our daughter, which we have done.

21. Though required by the defendants before the suspension of our licenses will be lifted and our right to possess handguns and long guns reinstated, we have not purchased any biometric safes nor do we have any intention to purchase biometric safes.

22.     As a direct and proximate result of the defendants' suspension of our pistol licenses, we have been absolutely foreclosed from possessing handguns, rifles, and shotguns; divested of our property, and are forbidden from possessing any firearms, whether for self-defense or any other lawful purpose.

23.     I am seeking the reinstatement of my pistol license and the permanent injunction of Nassau County's Policy. Not only does the defendants' conduct violate our Second Amendment rights, there is no legal authority under the state licensing statute for the defendants to have suspended our pistol licenses, ordered the surrender our handguns and long guns, or prohibited us from possessing handguns and long guns because we have done nothing wrong. Defendants also have no authority to require us to purchase or obtain biometric safes.

I submit the aforementioned statements under the penalties of perjury.

Dated: September 7, 2025

Lisa Wysocki

9/7/2025