**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x

DENNIS WYSOCKI and LISA WYSOCKI,

        Plaintiffs,

    -against-

NASSAU COUNTY, New York, PATRICK
RYDER, Individually and Officially, MARC
TIMPANO, Individually, and Officer VITO
SCAGLIONE, Individually,

        Defendants.

-------------------------------------------------------------x

23-CV-8790 (SJB)(AYS)

PLAINTIFFS' NOTICE OF
MOTION
FOR PARTIAL
RECONSIDERATION
AND CLARIFICATION

## PLAINTIFFS' NOTICE OF MOTION FOR PARTIAL RECONSIDERATION
## AND CLARIFICATION

PLEASE TAKE NOTICE that, upon the accompanying Memorandum of Law and the

existing summary-judgment record, Plaintiffs Dennis and Lisa Wysocki will move this Court,

pursuant to Federal Rule of Civil Procedure 54(b) and Local Civil Rule 6.3, for partial

reconsideration and clarification of the Memorandum and Order entered July 7, 2026 [DE 42]. The

*Monell* claim remains pending for trial; Plaintiffs do not seek to revive a dismissed claim. They

seek reconsideration of the interlocutory denial of their motion for summary judgment and of the

Order's facial-challenge and remedial rulings to the extent the Order: (1) characterizes the action

as as-applied only; (2) treats the pleaded facial and systemwide challenge to Nassau County

policies and conduct as a facial challenge to New York Penal Law § 400.00(11); (3) treats proof

of multiple prior victims as indispensable to *Monell* liability without separately analyzing the

written-policy, authorized-decisionmaker, and final-policymaker routes supported by the existing

record; and (4) postpones the mandatory injunction the Court held Plaintiffs are entitled to receive

while the adjudicated Second Amendment violation remains ongoing.

Plaintiffs respectfully request an Order: (a) recognizing that Plaintiffs seek facial, systemwide relief against Nassau's challenged conduct, separate from the plaintiff-specific mandatory injunction; (b) declaring and permanently enjoining Nassau's policy and practice of suspending and disarming an otherwise qualified licensee solely because of a cohabitant's mental-health status or event; (c) reconsidering the denial of summary judgment against Nassau County under *Monell*; (d) if the Court does not grant summary judgment on the *Monell* claim, clarifying that the claim remains available for trial through each recognized route, including formal policy, settled implementation, and action by an authorized or final policymaker; (e) immediately directing reinstatement of Plaintiffs' pistol licenses and permitting the return and lawful possession of their firearms; (f) clarifying that the Nassau County Police Commissioner, as statutory licensing officer, be identified as the official against whom the injunction runs; and (g) identifying the issues remaining for trial.

Dated: July 21, 2026
    Scarsdale, New York

                        **THE BELLANTONI LAW FIRM, PLLC**
                        *Attorneys for Plaintiffs*

            By:    /s/ Amy L. Bellantoni
                  Amy L. Bellantoni
                  2 Overhill Road, Suite 400
                  Scarsdale, New York 10583
                  abell@bellantoni-law.com