UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
DENNIS WYSOCKI & LISA WYSOCKI,

Plaintiffs,

v.

NASSAU COUNTY, et al.,

Defendants.
-------------------------------------------------------------X

**ORDER**
23-CV-8790-SJB-AYS

**BULSARA, United States District Judge:**

The Wysockis seek partial reconsideration of this Court's decision granting in part and denying in part their motion for summary judgment. (Pls.' Mot. for Recons. dated July 21, 2026 ("Pls.' Mot."), Dkt. No. 43-1). For the reasons below, the motion is denied.[1]

Reconsideration is "an extraordinary request that is granted only in rare circumstances, such as where the court failed to consider evidence or binding authority." *Van Buskirk v. United Grp. of Companies, Inc.*, 935 F.3d 49, 54 (2d Cir. 2019). It "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking [another] bite at the apple." *United States ex rel. Five Star Elec. Corp. v. Liberty Mut. Ins. Co.*, 758 F. App'x 97, 101 (2d Cir. 2018) (quotation omitted). As such, "reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the

---

[1] Defendants sought leave to file a late response to the motion for reconsideration. (Defs.' Mot. for Extension dated Aug. 14, 2026, Dkt. No. 47). The request is now moot.

court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). The Wysockis' motion is nothing more than an attempt to relitigate the issues already decided against them. None of their arguments warrant reconsideration, nor do they have any merit; the motion itself is arguably frivolous.

*First*, they assert that the Court misapprehended their supposed facial challenge. (Pls.' Mot. at 3). They assert that their challenge is to "Nassau's cohabitant-disarmament policy," and that they seek an injunction against the policy and the challenged Handbook provisions. (*Id.* at 4). But as the Court already explained, the PLS Handbook is not a law, nor does it purport to be a regulation. *See Wysocki v. Nassau County*, No. 23-CV-8790, 2026 WL 1965726, at *6 n.8 (E.D.N.Y. July 7, 2026). And while they argue that the "challenged regulation" is the "cohabitant-disarmament policy," (Pls.' Mot. at 4), there is no actual regulation to such effect, nor is the policy challenged even in the Handbook, *see Wysocki,* 2026 WL 1965726, at *7. The Wysockis continue to misunderstand the function of a facial challenge[2] and the interplay between the New York Penal Law § 400.00 and the PLS Handbook they seek to invalidate. *See id.* at *6. They attempted to repackage a *Monell* challenge to a municipal policy or practice as a facial challenge, which the Court rejected. *See id.* at *6 n.8. And the same attempt here is not a basis for reconsideration.

---

[2] For similar reasons, the Court rejects the Wysockis' argument that they have satisfied a facial challenge by summarily asserting that there is "no valid application" of the "policy." (Pls.' Mot. at 5).

*Second*, they argue that the Court incorrectly denied summary judgment on *Monell* liability, resting on "an incomplete analysis." (Pls.' Mot. at 6). But this amounts to nothing more than an attempt to have the Court re-adjudicate the issue. *See Peterson v. Home Depot U.S.A., Inc.*, No. 11-CV-5747, 2014 WL 1355622, at *1 (S.D.N.Y. Apr. 4, 2014) ("[R]econsideration . . . is not a substitute for appeal, nor is it a vehicle for a party dissatisfied with the Court's ruling to voice its disagreement with the decision." (citation omitted)). The Wysockis present no new caselaw or evidence the Court overlooked, instead relitigating the sufficiency of the record evidence the Court reviewed and attempting to raise arguments not previously raised. For example, they argue that the Court failed to consider the final-policymaker route to establishing *Monell* liability. (Pls.' Mot. at 8). Yet, the Wysockis raised no such argument in their motion for summary judgment. (Pls.' Mot. for Summ. J. dated Sep. 8, 2025, Dkt. No. 32-16 at 10–11 (arguing in conclusory fashion that the Handbook and the deposition testimony confirm the existence of the challenged policy)).[3]

[3] The Wysockis further seek clarification as to the forms of *Monell* policy that remain available at trial. (Pls.' Mot. at 9). Given the Wysockis' failure to establish entitlement to summary judgment on this claim, and Defendants' failure to cross-move, the Court allowed the *Monell* claim to persist to trial. *See Wysocki*, 2026 WL 1965726, at *9 n.13. However, it advised the Wysockis to "consider whether the evidence they have for this claim—which is plainly insufficient and nonexistent to achieve summary judgment—would be sufficient to meet their burden at trial." *Id*. The Court in no way restricted the means by which the Wysockis may attempt to show *Monell* liability; it only stated they were unlikely to be able to do so, since there is no evidence to support such a claim. And should the Wysockis pursue a legal theory that is frivolous, the Court will not hesitate to impose appropriate sanctions for so doing.

Lastly, the Wysockis ask the Court to enter the injunction requiring the return of their guns and reinstatement of their licenses now. (Pls.' Mot. at 10). The Court finds no basis to enter such an order.

Rule 54(b) authorizes a district court to enter partial final judgment where three requirements have been satisfied: "(1) there are multiple claims or parties, (2) at least one claim or the rights and liability of at least one party has been finally determined, and (3) the court makes an express determination that there is no just reason for delay." *Linde v. Arab Bank, PLC*, 882 F.3d 314, 322–23 (2d Cir. 2018) (quotation omitted). "The determination of whether there is no just reason to delay entry of a final judgment is a matter committed to the sound discretion of the district court." *Roberts v. Bennaceur*, 658 F. App'x 611, 619 (2d Cir. 2016). Courts consider "judicial administrative interests as well as the equities involved." *Id.*

The Wysockis argue that the balance of equities favors an immediate injunction as their licenses remain suspended and their firearms remain unavailable, despite the unconstitutionality of their deprivation. (Pls.' Mot. at 10). But they have failed to demonstrate that any harm caused by delay goes beyond that which is inherent in every case. *See Timperio v. Bronx-Lebanon Hosp. Ctr.*, No. 18-CV-1804, 2020 WL 9211177, at *3 (S.D.N.Y. Mar. 9, 2020) (denying motion for entry of partial final judgment as plaintiff failed to articulate "any unusual hardship or injustice that it, or any other party, would endure if required to await, in accordance with normal federal practice, the disposition of the entire case before obtaining a final judgment" (quotation omitted)). Notably, they never moved for a preliminary injunction or other preliminary relief in this case.

Considerations of judicial administrative interest further weigh against entry of partial judgment. In their request for an injunction now, they seek partial judgment on part of a single claim—one of their remedies for their single Second Amendment claim—while leaving the other remedy, damages, for the same claim to proceed to trial. Same facts, different remedies, leaving one for judgment (and potential appeal) and the other in this Court for further litigation. "A decision that leaves a portion of the claim pending as to all defendants does not fall within the ambit of Rule 54(b)." Charles Alan Wright & Arthur R. Miller, et al., 10 Federal Practice and Procedure § 2656 (4th ed. 2026). Here the same "factual allegations . . . support both the Damages and Injunctive Relief claims" under the Second Amendment, which counsels against Rule 54(b) entry of judgment. *Crespo v. Carvajal*, No. 17-CV-6329, 2021 WL 4237002, at *5 (E.D.N.Y. Sep. 14, 2021) (collecting cases).

The motion for reconsideration is denied.

SO ORDERED.

*<u>/s/ Sanket J. Bulsara</u>*
SANKET J. BULSARA
United States District Judge

Date: August 26, 2026
Central Islip, New York